[No. 265.   Decided November 5, 1891.]

WM. ·F. WALLACE, *Respondent*, v. ANNA M. JOHNSTON, *Appellant*.

CONTRACT—CONSTRUCTION—COMPENSATION OF AGENT.

In an action for compensation upon a contract constituting a plaintiff an agent to buy and sell real estate for defendant in a certain town, and providing that the agent should have 25 per cent. of any advance over the purchase price thereof, judgment for plaintiff is unwarranted where the complaint fails to allege that plaintiff sold the real estate purchased by him for defendant.

*Appeal from Superior Court, Clarke County.*

Action by Wm. F. Wallace against Anna M. Johnston on contract. Judgment for plaintiff, and defendant appeals.

*Fulton Bros.*, for appellant.
*Wm. H. Brinker*, and *W. L. Turney*, for respondent.

The opinion of the court was delivered by

HOYT, J.—That part of plaintiff's complaint which is material, so far as the questions involved in this appeal are concerned, is as follows:

"4. That this plaintiff sustained friendly relations with the officers and members of said land company, and that

the defendant, well knowing the relations that existed be-
tween the officers and members of said land company and
plaintiff, and being desirous of purchasing a number of the
town lots which said land company was then preparing to
offer for sale, and being also desirous of collecting from
said land company said sum of $300, entered into contract
with this plaintiff, in which she employed plaintiff to buy
and sell property for her in South Bend, Washington, and
collect said sum of $300 and to purchase from said land
company such town lots as he should select, and authorized
plaintiff to apply said sum of $300 claimed to be due her
as part of the purchase price of any lots which he should
purchase for her, and also provided and furnished plaintiff
with the sum of $1,900 to apply upon any purchase which
he might make under his said employment; and in con-
sideration of the services to be rendered by plaintiff in
making said purchases and collecting said demand said
defendant promised and agreed to pay to plaintiff as com-
pensation therefor a sum equal to twenty-five per cent. of
any and all advance in the price of said lots over and
above the purchase price thereof.

"5. That, pursuant to said employment, and in consid-
eration of the promise and agreement of said defendant as
aforesaid, plaintiff entered upon the discharge of his duties
thereunder, and on or about the 23d day of January, 1890,
he selected and purchased from said South Bend Land
Company, for and in the name of the defendant, fifteen town
lots at and for the sum of $6,600, upon the following terms:
One-third cash, one-third due in six months, and one-third
due in twelve months from date of written contract there-
after to be made; and paid therefor as a part of the first
payment, said sum of $1,900, furnished to him by defendant
as aforesaid, and induced said South Bend Land Company
to allow and apply said sum of $300 claimed by defendant
as aforesaid as the balance of the first partial payment of
said purchase price, and afterwards received written con-
tracts in the name of the defendant therefor.

"7. That, subsequent to said selection and purchases,
and prior to the execution of the written contracts therefor,
by mutual agreement between plaintiff and defendant, a
short memorandum reciting his employment and showing

the compensation which plaintiff should receive for the services rendered as aforesaid, was reduced to writing, signed by said defendant and delivered to plaintiff, a copy of which is hereto attached, and marked 'A.' "

Exhibit "A," therein referred to, was in the words and figures following, to-wit:

"To whom it may concern: Know that I have appointed W. F. Wallace my agent to buy and sell property in South Bend, Wash., and I agree to pay him 25 per cent. on all the advance in the price of all such property as I buy through him over the original price. Dated February 1, 1890. ANNA M. JOHNSTON. Witness: J. N. SKIDMORE."

The appellant contends that the contract thus set out and sued upon was a contract by which plaintiff was to purchase and sell certain real estate in the town of South Bend, and that his compensation for so buying and selling was to be 25 per cent. of the profits. The respondent claims that a fair construction of the contract, as stated in his complaint, is that he was simply employed to purchase the property in question, and that for so doing he was to have the compensation provided for therein. If the contention on the part of appellant is true, it must follow that the judgment of the court below was wrong; for, while the plaintiff would not be remediless, if such was the contract, in a case where he properly pleaded a claim upon the *quantum meruit* for what he had done, or for damages for breach of the contract on the part of the defendant, he clearly could not recover in this action, which is one strictly upon the contract. If his contract was to buy and sell for 25 per cent., he clearly could not recover 25 per cent. for simply buying. We think a fair interpretation of the language used warrants the contention of the appellant, and that we must hold that the contract was not simply one of purchase, but that plaintiff was to purchase and sell for the compensation stated. There are some expressions towards the close of the first

paragraph of the complaint hereinbefore set out which would tend to show that the contract was one whereby plaintiff was to have his compensation for purchasing only, but when the whole of that paragraph is considered, and construed with other paragraphs of the complaint, the contrary construction seems the more reasonable one. We should, therefore, be inclined to hold with the appellant even if exhibit "A," referred to in said complaint, had not been entered into between the parties; and when we view said complaint in connection with said exhibit, it seems evident to us that the contract between the parties was that plaintiff, for the 25 per cent. therein provided, was to both buy and sell the property upon which he claimed such commission. With this view of the contract, the complaint clearly failed to state a cause of action, and the judgment thereon rendered cannot be upheld.

The judgment must be reversed, and the cause remanded for further proceedings in accordance with this opinion.

ANDERS, C. J., and SCOTT, STILES and DUNBAR, JJ., concur.